IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
Eastern Division

| | |
|---|---|
| PAMELA HOWARD | |
| *Plaintiff,* | |
| v. | Civil Action No. 3:21-CV-375 |
| IVY CREEK HEALTHCARE, LLC d/b/a LAKE MARTIN COMMUNITY HOSPITAL | ***JURY DEMAND*** |
| *Defendant.* | |

## COMPLAINT

Comes now the Plaintiff, PAMELA HOWARD, and files her Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and 42 U.S.C § 12117(a) for violation of the Americans with Disabilities Act (ADA), and for her being discharged because of a disability, showing to the court as follows:

### JURISDICTION AND VENUE

Jurisdiction is conferred under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and 42 U.S.C 12117(a), the Americans with Disabilities Act of 1990 (ADA). Jurisdiction is also proper under 42 U.S.C. § 1983.

The violation of the Plaintiff's rights as alleged herein occurred in Tallapoosa County, Alabama, and within the Middle District of Alabama, Eastern Division.

## PARTIES

1) The Plaintiff, PAMELA HOWARD, (hereinafter "Plaintiff"), is over the age of nineteen years, is a resident of Tallapoosa County, Alabama, and was so at the time of the incidents which form the basis of this lawsuit. Plaintiff is a former employee of the Lake Martin Community Hospital. Plaintiff ceased to be employed by Defendant via a letter dated June 14, 2019, postmarked June 17, 2019.

2) Defendant Ivy Creak Healthcare, LLC, is a foreign limited liability company, doing business as Lake Martin Community Hospital within the Middle District of Alabama, in Tallapoosa County, Alabama.

## FACTUAL ALLEGATIONS RELATED TO VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA)

4) Plaintiff is a qualified individual with a disability.

5) Plaintiff is a former employee of the Defendant, a covered entity as defined under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C § 12111(4).

6) Ivy Creek Healthcare, LLC, d/b/a Lake Martin Community Hospital, provides services to the citizens of Tallapoosa County and surrounding areas.

7) Defendant Ivy Creek Healthcare, LLC, d/b/a Lake Martin Community Hospital, employs 100 or more employees.

8) Defendant is a covered entity as defined under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C § 12111(5).

9) Plaintiff was originally employed by Defendant as a Certified Nursing Assistant/Ward Clerk in 2014. Her duties included assisting nurses with the patients admitted into the hospital, as well as working with admissions, discharges, and scheduling follow-up appointments.

10) Mrs. Howard began having severe headaches in February, 2019, but continued her duties at the hospital for approximately two weeks before finally agreeing to seek medical treatment.

11) Mrs. Howard went to the Emergency Room at Lake Martin Community Hospital in late March of 2019. Her headache was treated at that time as a stress headache, and no CT scan was performed. She was given pain medication.

12) About a week later, on or about March 8, 2019, when the pain became worse, Mrs. Howard again reported to the Emergency Room at Lake Martin Community Hospital. That night, bloodwork and a CT scan showed that Mrs. Howard was suffering from a brain aneurysm. She was flown by helicopter to the Kirklin Clinic in Birmingham, where she underwent surgery to clamp off the brain aneurysm. Mrs. Howard's skull was then closed using staples and cement.

13) Mrs. Howard was discharged from the hospital in Birmingham on or about March 12, 2019. She was given instructions to follow up with Kristen Lamb at Dr. Fischer's office on March 22, 2019.

14) In a letter dated June 14, 2019, and postmarked June 17, 2019, Lake Martin Community Hospital informed Ms. Howard that, as of June 6, 2019, she had used her 12 weeks (480 hours) of leave under the Family and Medical Leave Act and that she had also exhausted her accrued vacation and/or sick leave.

15) Ms. Howard was not given any accommodation and was not offered any extension of her leave.

16) In December, 2019, Dr. Fischer at Kirklin Clinic met with Mrs. Howard and released her and recommended only that she return for a follow up visit in approximately five (5) years.

17) Plaintiff would have been able to return to work and perform her duties, had she been given the accommodation of additional leave time.

18) Plaintiff submitted a Charge of Discrimination to the EEOC on November 27, 2019, and EEOC issued a notice of right to sue dated February 23, 2021.

## COUNT I

### Violations of the Americans with Disabilities Act
### Failure to Accommodate

19) Defendant violated the Americans with Disabilities Act (ADA) when it terminated the Plaintiff's employment because of her disability.

20) Defendant failed to make adequate job accommodations for the Plaintiff or to engage the Plaintiff in the interactive process to make job accommodations.

21) Defendant maintained an inflexible standard which did not provide for

reasonable accommodations discussions, but instead provided for termination of employment, in violation of the ADA.

22) Plaintiff claims of the defendants compensatory damages including back pay provided by 42 U.S.C. § 12117 and 42 U.S.C §2000e-5 and any other enhancement or damages that may be provided by law.  Compensatory damages include back pay and any other compensable damages that were proximately caused by violation of the law.  Plaintiff also claims attorneys' fees pursuant to 42 USC § 12205.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully requests the Court to:

a) Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

b) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law herein and all other such practices shown to be in violation of applicable law.

c) Grant Plaintiff compensatory damages against the defendant, including but not limited to, back pay, loss of fringe benefits, and loss of career advancement.

d) Grant punitive damages to the maximum provided by law.

e) Reinstate Plaintiff's employment with Defendant.

f) Order an award of cost and Attorneys fees to Plaintiff.

## COUNT II

### Retaliatory Discharge

23) Plaintiff alleges she is the victim of a retaliatory discharge by Ivy Creek Healthcare, LLC, d/b/a Lake Martin Community Hospital.

24) The Plaintiff is a member of a protected class.

25) The Plaintiff engaged in a protected activity by asking for a reasonable accommodation. The Defendant willfully and intentionally discriminated against the Plaintiff for engaging in the protected activity which lead to the retaliatory discharge of the Plaintiff.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully request the Court to:

a) Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth

6

herein, and from continuing any and all other practices shown to be in violation of applicable law;

b) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law h herein and all other such practices shown to be in violation of applicable law.

c) Grant compensatory damages against the defendant, including but not limited to, back pay, loss of fringe benefits, loss of career advancement.

d) Grant punitive damages to the maximum provided by law.

e) Reinstate Plaintiff's employment with Defendant.

f) Order an award of cost and Attorneys fees to Plaintiff.

<u>**The Plaintiff Requests Trial by Jury**</u>.

Respectfully submitted,

_____
John Michael Segrest (ASB-8306-H58S)
Attorney for Plaintiff
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL  36078
Telephone: 334-252-0036
Facsimile: 334-252-0037
Mike.Segrest@Segrestlaw.com